NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DON WALLER, a Washington Resident, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF SPOKANE, Washington; IAFF LOCAL 29, <br><br> Defendants-Appellees, <br><br> and <br><br> CITY OF SPOKANE FIRE DEPARTMENT, <br><br> Defendant. | No.  19-35999 <br><br> D.C. No. 2:19-cv-00018-TOR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted December 8, 2020**
Seattle, Washington

---

*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN,*** District Judge.

Don Waller worked for the City of Spokane Fire Department and was represented by a union known as IAFF Local 29.  After another fire department employee filed a complaint with human resources alleging workplace misconduct by Waller and others, the City and union entered into a settlement agreement that provided for less severe discipline in exchange for waiver of the union members' right to administratively appeal the discipline.  Waller appeals from the district court's grant of judgment on the pleadings to the City as well as its decision denying him leave to amend his complaint.  We affirm.

1.  The district court properly granted the City's motion for judgment on the pleadings, a decision we review *de novo*.  *See Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018).  Waller argues that the City violated his rights under the Due Process Clause by denying him the opportunity to pursue post-discipline review.  That argument fails due to the longstanding legal principle that unions are free to negotiate settlements without the affected members' consent, even if the settlement waives rights that the members would otherwise have had.  *See Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1061 (9th Cir. 1989); *Mahon v. NLRB*, 808

---

***      The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

F.2d 1342, 1345 (9th Cir. 1987).  Here, the union permissibly waived Waller's

right to seek post-discipline review in the course of negotiating a settlement of the

disciplinary charges he and other union members faced.

**2.**  Because the district court properly dismissed the only federal law claim

Waller asserted, the court did not abuse its discretion by denying Waller leave to

amend his complaint to add a new state law claim.  *See Curry v. Yelp Inc.*, 875

F.3d 1219, 1224 (9th Cir. 2017).

**AFFIRMED.**